**FILED**

**NOVEMBER 30, 2007**

MICHAEL W. DOBBINS

Attorney No. 3122002 U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

**07 C 6761**

| | | |
|---|---|---|
| AYASHIA BEVLY, | ) | |
| Plaintiff, | ) | |
| | ) | **JUDGE LEFKOW** |
| vs | ) | No. **MAGISTRATE JUDGE ASHMAN** |
| | ) | |
| WAUKEGAN POLICE DEPARTMENT | ) | |
| and MARK STURTEVANT, | ) | **Jury Demand** |
| | ) | |
| Defendants. | ) | |

### COMPLAINT AT LAW

Now comes the Plaintiff, Ayashia Bevly (hereinafter referred to as "Plaintiff"), by her attorneys, Robert S. Pinzur, Laura E. Cohen, Megan L. Kerr, Brian S. Brewer and Brian Merfeld of the law firm of Pinzur, Cohen & Kerr, Ltd., complaining of the Defendants, City of Waukegan, a municipal corporation, and Mark Sturtevant, and states as follows:

### COUNT I - DEPRIVATION OF CONSTITUTIONAL RIGHTS  BY EXCESSIVE FORCE BY DEFENDANT, OFFICER MARK STURTEVANT

1. This is a civil action for damages to redress deprivations under color of law of the rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution and Title 42 U.S.C.A. Sec. 1983.

2. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C.A. Sec. 1331 and Sec. 1343.

3. Venue is proper in this Court pursuant to 28 U.S.C.A. Sec. 1391(b) in that the claims arose in this District as alleged below.

4. Plaintiff, Ayashia Bevly, was at all times relevant herein, a citizen of the United States and of the State of Illinois and was a resident of the County of Lake and the City of Zion.

1

5.     Defendant, Mark Sturtevant (hereinafter referred to as "Defendant"), was, at all times relevant herein, duly appointed, qualified and acting as a police officer employed by Defendant, City of Waukegan, a municipal corporation. Said Defendant is herein sued in his individual and official capacities.

6.     At all times material herein, Defendant, Mark Sturtevant, acting in his capacity as a duly appointed, qualified police officer for Defendant, City of Waukegan, was in attendance at the Waukegan High School basketball game.

7.     At all times material herein, the City of Waukegan provided Defendant, Mark Sturtevant, with an official badge and credentials which designated and described him as an Officer of Defendant, City of Waukegan, a municipal corporation.

8.     Defendant, Mark Sturtevant, engaged in the conduct complained of under color and pretense of the statutes, ordinances, regulations, customs and usages of Defendant, City of Waukegan, in his capacity as a City of Waukegan Police Officer.

9.     On or about December 2, 2006, Plaintiff was lawfully attending a Waukegan High School basketball game in the City of Waukegan, County of Lake and State of Illinois.

10.     At said time of offense, Plaintiff was seated in the bleachers in Waukegan High School's gymnasium.

11.     At said time of offense, Defendant had no reasonable reason to believe Plaintiff was engaging in any criminal activity.

12.     At said time of offense, Defendant had no reason to believe Plaintiff posed any threat of imminent harm to another individual.

13.     On said date, while Plaintiff was situated as above-described, Defendant, Mark Sturtevant, maliciously and unlawfully used undue and excessive force on the Plaintiff; to wit, Defendant, Mark Sturtevant, forcibly and maliciously battered Plaintiff with his body. Specifically, Defendant, Mark Sturtevant, jumped from a higher-level bleacher onto the same level bleacher on which Plaintiff was standing. In doing so, Defendant, Mark Sturtevant, landed his entire person upon Plaintiff's person, causing Plaintiff to land on her back, with Defendant, Mark Sturtevant, positioned horizontally on top of Plaintiff's body, thereby placing Plaintiff in fear for her immediate safety, all without provocation, necessity or cause.

14.     At said time, Defendant was not justified in using the level of force imposed upon Plaintiff.

15.     As a direct and proximate result of the foregoing wrongful acts, Plaintiff was then and there injured. Plaintiff suffered injuries.

2

16. As a direct and proximate result of the foregoing wrongful acts, Plaintiff sustained damage to her anterior cruciare ligament (hereinafter referred to as "ACL").

17. As a direct and proximate result of the foregoing wrongful acts, Plaintiff suffered physical and mental pain and suffering.

18. As a direct and proximate result of the foregoing wrongful acts, Plaintiff became and will further become liable for sums of money for medical, hospital care and treatment.

19. As a direct and proximate result of the foregoing wrongful acts, Plaintiff is in need of corrective surgery to repair her ACL.

20. Plaintiff has and will continue to incur substantial attorney fees and costs in pursuing this cause.

21. Plaintiff is entitled to compensatory damages, punitive damages, reasonable attorneys fees incurred herein and costs pursuant to 42 U.S.C.A. Sec. 1988.

Wherefore, Plaintiff, Ayashia Bevly prays for judgment against Defendant, Mark Sturtevant, for a fair and reasonable sum in excess of $100,000.00, punitive damages in excess of $100,000.00, reasonable attorney fees, costs and for such other relief as is just and proper.

## COUNT II - DEPRIVATION OF CONSTITUTIONAL RIGHTS BY EXCESSIVE FORCE BY DEFENDANT, CITY OF WAUKEGAN

1. This is a civil action for damages to redress deprivations under color of law of the rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution and Title 42 U.S.C.A. Sec. 1983.

2. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C.A. Sec. 1331 and Sec. 1343.

3. Venue is proper in this Court pursuant to 28 U.S.C.A. Sec. 1391(b) in that the claims arose in this District as alleged below.

4. Plaintiff, Ayashia Bevly, was at all times relevant herein, a citizen of the United States and of the State of Illinois and was a resident of the County of Lake and the city of Zion.

5. At all times material herein, the City of Waukegan provided Defendant, Mark Sturtevant, with an official badge and credentials which designated and described him as an Officer of Defendant, City of Waukegan, a municipal corporation.

3

6.  At all times material herein, Defendant, Mark Sturtevant, acting in his capacity as a duly appointed, qualified police officer for the Defendant, City of Waukegan, was in attendance at the Waukegan High School basketball game.

7.  Defendant, Mark Sturtevant, engaged in the conduct complained of under color and pretense of the statutes, ordinances, regulations, customs and usages of the Defendant, City of Waukegan, in his capacity as a City of Waukegan police officer.

8.  On or about December 2, 2006, Plaintiff was lawfully attending a high school basketball game in the City of Waukegan, County of Lake and State of Illinois.

9.  At said time of offense, Plaintiff was seated in the bleachers in Waukegan High School's gymnasium.

10. At said time of offense, Defendant, City of Waukegan, had no reasonable reason to believe Plaintiff was engaging in any criminal activity.

11. At said time of offense, Defendant, City of Waukegan, had no reason to believe Plaintiff posed any threat of imminent harm to another individual.

12. At said time, Defendant, City of Waukegan, was not justified in using the level of force imposed upon Plaintiff.

13. On said date, while Plaintiff was situated as above-described, Defendant, Mark Sturtevant, maliciously and unlawfully used undue and excessive force on the Plaintiff; to wit, Defendant, Mark Sturtevant, forcibly and maliciously battered Plaintiff with his body. Specifically, Defendant, Mark Sturtevant, jumped from a higher-level bleacher onto the same level bleacher on which Plaintiff was standing. In doing so, Defendant, Mark Sturtevant, landed his entire person upon Plaintiff's person, causing Plaintiff to land on her back, with Defendant, Mark Sturtevant, positioned horizontally on top of Plaintiff's body, thereby placing Plaintiff in fear for her immediate safety, all without provocation, necessity or cause.

14. As a direct and proximate result of the foregoing wrongful acts, Plaintiff was then and there injured. Plaintiff suffered injuries.

15. As a direct and proximate result of the foregoing wrongful acts, Plaintiff sustained damage to her anterior cruciate ligament (hereinafter referred to as "ACL").

16. As a direct and proximate result of the foregoing wrongful acts, Plaintiff suffered physical and mental pain and suffering.

17. As a direct and proximate result of the foregoing wrongful acts, Plaintiff became and will further become liable for sums of money for medical, hospital care and treatment.

18.   As a direct and proximate result of the foregoing wrongful acts, Plaintiff is in need of corrective surgery to repair her ACL.

19.   Plaintiff has and will continue to incur substantial attorney fees and costs in pursuing this cause.

20.   Plaintiff is entitled to compensatory damages, reasonable attorneys fees incurred herein and costs pursuant to 42 U.S.C.A. Sec. 1988.

Wherefore, the Plaintiff, Ayashia Bevly, prays for judgment against the Defendant, City of Waukegan, for a fair and reasonable sum in excess of $100,000.00, reasonable attorney fees, costs and for such other relief as is just and proper.

## COUNT III - INTENTIONAL BATTERY BY DEFENDANT, MARK STURTEVANT

1.   Plaintiff, Ayashia Bevly, was at all times relevant herein, a citizen of the United States and of the State of Illinois and was a resident of the County of Lake and the city of Zion.

2.   On December 2, 2006, Plaintiff was lawfully attending a high school basketball game at Waukegan high school in the City of Waukegan, County of Lake and State of Illinois.

3.   At said time, Plaintiff was seated in the bleachers in Waukegan High School's gymnasium.

4.   Defendant, Mark Sturtevant, was, at all times relevant herein, duly appointed, qualified and acting as a police officer employed by Defendant, City of Waukegan, a municipal corporation.  Said Defendant is herein sued in his individual and official capacities.

5.   At all times material herein, Defendant, Mark Sturtevant, acting in his capacity as a duly appointed, qualified police officer for the Defendant, City of Waukegan, was in attendance at the Waukegan High School basketball game.

6.   Defendant, Mark Sturtevant, engaged in the conduct complained of under color and pretense of the statutes, ordinances, regulations, customs and usages of the Defendant, City of Waukegan, in his capacity as a City of Waukegan police officer.

7.   At said time, Defendant had no reasonable reason to believe Plaintiff was engaging in any criminal activity.

8.   At said time, Defendant had no reason to believe Plaintiff posed any threat of imminent harm to another individual.

9.    At said time, Defendant was not justified in using the level of force imposed upon Plainitff.

10.    On said date, while the Plaintiff was situated as above-described, Defendant, Mark Sturtevant, maliciously and unlawfully used undue and excessive force on the Plaintiff; to wit, Defendant, Mark Sturtevant, forcibly and maliciously battered Plaintiff with his body. Specifically, Defendant, Mark Sturtevant, jumped from a higher-level bleacher onto the same level bleacher on which Plaintiff was standing. In doing so, Defendant, Mark Sturtevant, landed his entire person upon Plaintiff's person, causing Plaintiff to land on her back, with Defendant, Mark Sturtevant, positioned horizontally on top of Plaintiff's body, thereby placing Plaintiff in fear for her immediate safety, all without provocation, necessity or cause.

11.    Defendant, Mark Sturtevant, intentionally committed the above-described acts and, in doing so, Plaintiff suffered harmful and offensive contact and Defendant, Mark Sturtevant, thereby inflicted a battery upon Plaintiff.

12.    As a direct and proximate result of the foregoing wrongful acts, Plaintiff was then and there injured. Plaintiff suffered injuries.

13.    As a direct and proximate result of the foregoing wrongful acts, Plaintiff sustained damage to her anterior cruciate ligament (hereinafter referred to as "ACL").

14.    As a direct and proximate result of the foregoing wrongful acts, Plaintiff suffered physical and mental pain and suffering.

15.    As a direct and proximate result of the foregoing wrongful acts, Plaintiff became and will further become liable for sums of money for medical, hospital care and treatment.

16.    Plaintiff has and will continue to incur substantial attorney fees and costs in pursuing this cause.

17.    As a direct and proximate result of the foregoing wrongful acts, Plaintiff is in need of corrective surgery to repair her ACL.

Wherefore, the Plaintiff, Ayashia Bevly, prays for judgment against the Defendant, Mark Sturtevant, for a fair and reasonable sum in excess of $100,000.00, punitive damages in excess of $100,000.00, reasonable attorney fees, costs and for such other relief as is just and proper.

## COUNT IV - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY DEFENDANT, MARK STURTEVANT

6

1. Plaintiff, Ayashia Bevly, was at all times relevant herein, a citizen of the United States and of the State of Illinois and was a resident of the County of Lake and the city of Zion.

2. On December 2, 2006, Plaintiff was lawfully attending a high school basketball game at Waukegan high school in the City of Waukegan, County of Lake and State of Illinois.

3. At said time, Plaintiff was seated in the bleachers in Waukegan High School's gymnasium.

5. Defendant, Mark Sturtevant, was, at all times relevant herein, duly appointed, qualified and acting as a police officer employed by Defendant, City of Waukegan, a municipal corporation. Said Defendant is herein sued in his individual and official capacities.

6. At all times material herein, Defendant, Mark Sturtevant, acting in his capacity as a duly appointed, qualified police officer for the Defendant, City of Waukegan, was in attendance at the Waukegan High School basketball game.

7. Defendant, Mark Sturtevant, engaged in the conduct complained of under color and pretense of the statutes, ordinances, regulations, customs and usages of the Defendant, City of Waukegan, in his capacity as a City of Waukegan police officer.

8. At said time of offense, Defendant had no reasonable reason to believe Plaintiff was engaging in any criminal activity.

9. At said time of offense, Defendant had no reason to believe Plaintiff posed any threat of imminent harm to another individual.

10. At said time of offense, Defendant was not justified in using the level of force imposed upon Plaintiff.

11. On said date, while Plaintiff was situated as above-described, Defendant, Mark Sturtevant, maliciously and unlawfully used undue and excessive force on the Plaintiff; to wit, Defendant, Mark Sturtevant, forcibly and maliciously battered Plaintiff with his body. Specifically, Defendant, Mark Sturtevant, jumped from a higher-level bleacher onto the same level bleacher on which Plaintiff was standing. In doing so, Defendant, Mark Sturtevant, landed his entire person upon Plaintiff's person, causing Plaintiff to land on her back, with Defendant, Mark Sturtevant, positioned horizontally on top of Plaintiff's body, thereby placing Plaintiff in fear for her immediate safety, all without provocation, necessity or cause.

12. Defendant's actions were outrageous in that they were excessive given the situation.

7

12.    Defendant's actions were outrageous in that Defendant disregarded the safety of Plaintiff.

13.    Defendant's actions were outrageous in that Plaintiff was not resisting arrest at said time such force was used.

14.    Defendant knew or reasonably should have known Defendant's actions of jumping onto Plaintiff's person would cause severe emotional distress.

15.    As a direct and proximate result of the foregoing wrongful acts, the Plaintiff suffered severe emotional distress.

16.    Plaintiff has and will continue to incur substantial attorney fees and costs in pursuing this cause.

Wherefore, the Plaintiff, Ayashia Bevly prays for judgment against the Defendant, Mark Sturtevant, for a fair and reasonable sum in excess of $100,000.00, punitive damages in excess of $100,000.00, reasonable attorney fees, costs and for such other relief as is just and proper.

## COUNT V - NEGLIGENCE BY DEFENDANT, MARK STURTEVANT

1.    Plaintiff, Bevly, was at all times relevant herein, a citizen of the United States and of the State of Illinois and was a resident of the County of Lake and the city of Zion.

2.    The Defendant, Mark Sturtevant was, at all times relevant herein, duly appointed, qualified and acting as a police officer employed by Defendant, City of Waukegan, a municipal corporation. Said Defendant is herein sued in his individual and official capacities.

3.    At all times material herein, Defendant, Mark Sturtevant, acting in his capacity as a duly appointed, qualified police officer for the Defendant, City of Waukegan, was in attendance at the Waukegan High School basketball game.

4.    On or about December 2, 2006, the Plaintiff was lawfully attending a high school basketball game in the City of Waukegan, County of Lake and State of Illinois.

5.    At said time, Plaintiff was seated in the bleachers in Waukegan High School's gymnasium

6.    On said date, while the Plaintiff was situated as above-described, the Defendant, Mark Sturtevant, maliciously and unlawfully used undue and excessive force on the Plaintiff; to wit, Defendant, Mark Sturtevant, forcibly and maliciously battered the Plaintiff with his body. Specifically, Defendant, Mark Sturtevant, jumped from a higher-level bleacher

8

onto the same level bleacher on which Plaintiff was standing. In doing so, Defendant, Mark Sturtevant, landed his entire person upon Plaintiff's person, causing Plaintiff to land on her back, with Defendant, Mark Sturtevant, positioned horizontally on top of Plaintiff's body, thereby placing Plaintiff in fear for her immediate safety, all without provocation, necessity or cause.

7.    At said time of offense, Defendant had no reasonable reason to believe Plaintiff was engaging in any criminal activity.

8.    At said time of offense, Defendant had no reasonable reason to believe Plaintiff was engaging in any criminal activity.

9.    At said time of offense, Defendant had no reason to believe that Plaintiff posed any threat of imminent harm to another individual.

10.    Defendant, Mark Sturtevant, breached his duty and was then and there guilty of one or more of the foregoing negligent acts or omissions:

   a.    Carelessly and negligently used excessive force without due regard for the safety of Plaintiff.

   b.    Carelessly and negligently failed to use reasonable force in the light of the circumstances then and there present.

   c.    Was otherwise negligent and careless in the extent of force used .

   d.    Was otherwise negligent and careless in discharging their duties as police officer.

11.    As a direct and proximate result of the foregoing negligent acts, Plaintiff was then and there injured. Plaintiff suffered injuries.

12.    As a direct and proximate result of the foregoing negligent acts, Plaintiff sustained damage to her anterior cruciate ligament (hereinafter referred to as "ACL").

13.    As a direct and proximate result of the foregoing negligent acts, Plaintiff suffered physical and mental pain and suffering.

14.    As a direct and proximate result of the foregoing negligent acts, Plaintiff became and will further become liable for sums of money for medical, hospital care and treatment.

15.    As a direct and proximate result of the foregoing negligent acts, the Plaintiff is in need of corrective surgery to repair her ACL.

Wherefore, the Plaintiff, Ayashia Bevly prays for judgment against Defendant, Mark Sturtevant, for a fair and reasonable sum in excess of $100,000.00, costs and for such other relief as is just and proper.

*Robert S Pinzur*

Pinzur, Cohen & Kerr, Ltd.

Robert S. Pinzur
Laura E. Cohen
Megan L. Kerr
Brian S. Brewer
Brian Merfeld
Pinzur, Cohen & Kerr, Ltd.
Attorney Number: 3122002
Attorney for Plaintiff
Suite 208
4180 RFD Route 83
Long Grove, IL 60047
847/821-5290
847/821-5293 (Fax)