Attorney No. 6270338

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AYASHIA BEVLY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 07 C 6761 |
| | ) | Judge Lefkow |
| WAUKEGAN POLICE DEPARTMENT | ) | Magistrate Judge Ashman |
| and MARK STURTEVANT. | ) | |
| | ) | Jury Demanded |
| Defendants. | ) | |

## DEFENDANTS' CONSOLIDATED ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

THE WAUKEGAN POLICE DEPARTMENT and WAUKEGAN POLICE OFFICER MARK STURTEVANT, Defendants, by and through their attorney, GRETCHEN NEDDENRIEP of DIVER, GRACH, QUADE & MASINI, LLP, answers Plaintiff's Complaint as follows:

## COUNT I-DEPRIVATION OF CONSTITUTIONAL RIGHTS BY EXCESSIVE FORCE BY DEFENDANT, OFFICER MARK STURTEVANT.

1. This is a civil action for damages to redress deprivations under color of law of the rights, privileges and immunities secured by the Fourth and Fourteenth Amendments to the United States Constitution and Title 42 U.S.C.A. Sec. 1983.

   ANSWER:

   Defendants admit that that the Plaintiff purports to state a cause of action pursuant to 42 U.S.C.A.1983

2. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C.A. 1331 and Sec. 1343.

ANSWER:

Defendants admit that this court is vested with jurisdiction pursuant to 28 U.S.C.A. 1331 and 1343.

3. Venue is proper in this Court pursuant to 28 U.S.C.A. Sec. 1391 (b) in that the claims arose in this District as alleged below.

ANSWER:

Defendants admit that venue is proper in this district.

4. Plaintiff, Ayashia Bevly, was at all times relevant herein, a citizen of the United States and of the State of Illinois and was a resident of the County of Lake and the City of Zion,

ANSWER:

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of Count I of Plaintiff's Complaint, and therefore deny same.

5. Defendant, Mark Sturtevant (hereinafter referred to as "Defendant"), was, at all times relevant herein, duly appointed, qualified and acting as a police officer employed by Defendant, City of Waukegan, a municipal corporation.  Said Defendant is herein sued in his individual and official capacities.

ANSWER:

Defendants admit the allegations contained in paragraph 5 of Count I of Plaintiff's Complaint.

6. At all times material herein, Defendant, Mark Sturtevant, acting in his capacity as a duly appointed, qualified police officer for Defendant, City of Waukegan, was in attendance at the Waukegan High School basketball game.

2

ANSWER:

Defendants admit the allegations contained in paragraph 6 of Count I of Plaintiff's
Complaint.

7. At all times material herein, the City of Waukegan provided Defendant, Mark Sturtevant,
with an official badge and credentials which designated and described him as an Officer
of Defendant, City of Waukegan, a municipal corporation.

ANSWER:

Defendants admit the allegations of paragraph 7 of Count I of Plaintiff's Complaint.

8. Defendant, Mark Sturtevant, engaged in the conduct complained of under color and
pretense of the statutes, ordinances, regulations, customs and usages of Defendant, City
of Waukegan, in his capacity as a City of Waukegan Police Officer.

ANSWER:

Defendants admit that Defendant Mark Sturtevant was acting under color of law and in
his capacity as a Waukegan Police Officer, but deny any wrongful acts or misconduct.

9. On or about December 2, 2006, Plaintiff was lawfully attending a Waukegan High
School basketball game in the City of Waukegan, County of Lake and State of Illinois.

ANSWER:

Defendants admit that the Plaintiff was attending a Waukegan High School basketball
game in the City of Waukegan, County of Lake and State of Illinois but deny that
Plaintiff was acting lawfully while in attendance.

10. At said time of offense, Plaintiff was seated in the bleachers in Waukegan High School's
gymnasium.

3

ANSWER:

Defendants admit that Plaintiff was in the bleachers in Waukegan High School's gymnasium but deny she was seated.

11. At said time of offense, Defendant had no reasonable reason to believe Plaintiff was engaging in any criminal activity.

ANSWER:

Defendants deny all the allegations contained in paragraph 11 of Count I of Plaintiff's Complaint.

12. At said time of offense, Defendant had no reason to believe Plaintiff posed any threat of imminent harm to another individual.

ANSWER:

Defendants deny all the allegations contained in paragraph 12 of Count I of Plaintiff's Complaint.

13. On said date, while Plaintiff was situated as above-described, Defendant, Mark Sturtevant, maliciously and unlawfully used undue and excessive force on the Plaintiff; to wit, Defendant, Mark Sturtevant, forcibly and maliciously battered Plaintiff with his body. Specifically, Defendant, Mark Sturtevant, jumped from a higher-level bleacher onto the same level bleacher on which Plaintiff was standing. In doing so, Defendant Mark Sturtevant, landed his entire person upon Plaintiff's person, causing Plaintiff to land on her back, with Defendant, Mark Sturtevant, positioned horizontally on top of Plaintiff's body, thereby placing Plaintiff in fear for her immediate safety, all without provocation, necessity or cause.

ANSWER:

The Defendants admit that Plaintiff and Defendant, Mark Sturtevant, were in the bleachers but deny all the remaining allegations contained in paragraph 13 of Count I of Plaintiff's Complaint.

14. At said time, Defendant was not justified in using the level of force imposed upon Plaintiff.

ANSWER:

Defendants deny all the allegations contained in paragraph 14 of Count I of Plaintiff's Complaint.

15. As a direct and proximate result of the foregoing wrongful acts, Plaintiff was then and there injured. Plaintiff suffered injuries.

ANSWER:

Defendants are without knowledge or information sufficient to form a belief as to whether the Plaintiff was injured and therefore, deny same. Defendants deny that Plaintiff was injured and sustained damage as a direct and proximate result of any wrongful act of Defendants. Defendants deny any wrongful actions or misconduct.

16. As a direct and proximate result of the foregoing wrongful acts, Plaintiff sustained damage to her anterior cruciare ligament (hereinafter referred to as "ACL").

ANSWER:

Defendants are without knowledge or information sufficient to form a belief as to whether the Plaintiff sustained damage to her ACL and therefore, deny same. Defendants deny that Plaintiff sustained damage to her ACL as a direct and proximate result of any wrongful act of Defendants. Defendants deny any wrongful actions or misconduct.

5

17. As a direct and proximate result of the foregoing wrongful acts, Plaintiff suffered physical and mental pain and suffering.

ANSWER:

Defendants are without knowledge or information sufficient to form a belief as to whether the Plaintiff suffered physical or mental pain and suffering and therefore, deny same. Defendants deny that Plaintiff suffered physical and mental pain and suffering as a direct and proximate result of any wrongful act of Defendants. Defendants deny any wrongful actions or misconduct.

18. As a direct and proximate result of the foregoing wrongful acts, Plaintiff became and will further become liable for sums of money for medical, hospital care and treatment.

ANSWER:

Defendants are without knowledge or information sufficient to form a belief as to whether the Plaintiff has become or will become liable for sums of money for medial, hospital care and treatment, and therefore, deny same. Defendants deny that Plaintiff became and will further become liable for sums of money for medical, hospital care and treatment as a direct and proximate result of any wrongful act of Defendants. Defendants deny any wrongful actions or misconduct.

19. As a direct and proximate result of the foregoing wrongful acts, Plaintiff is in need of corrective surgery to repair her ACL.

ANSWER:

Defendants deny that Plaintiff is in need of corrective surgery to repair her ACL as a direct and proximate result of any wrongful acts of Defendants. Defendants deny any wrongful actions or misconduct.

6

20. Plaintiff has and will continue to incur substantial attorney fees and costs in pursuing this cause.

   ANSWER:

   Defendants deny the allegations contained in paragraph 20 of Count I of Plaintiff's Complaint.

21. Plaintiff is entitled to compensatory damages, punitive damages, reasonable attorneys fees incurred herein and costs pursuant to 42 U.S.C.A. Sec. 1988.

   ANSWER:

   Defendants deny all the allegations contained in paragraph 21 of Count I of Plaintiff's Complaint.

## COUNT II-DEPRIVATION OF CONSTITUTIONAL RIGHTS BY EXCESSIVE FORCE BY DEFENDANT, CITY OF WAUKEGAN

   The Defendants do not respond to Count II as the City of Waukegan has filed a Motion to Dismiss Count II.

## COUNT III-INTENTIONAL BATTERY BY DEFENDANT, MARK STURTEVANT

1. Plaintiff, Ayashia Bevly, was at all times relevant herein, a citizen of the United States and of the State of Illinois and was a resident of the County of Lake and the city of Zion.

   ANSWER:

   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Count III of Plaintiff's Complaint, and therefore, deny same.

7

2. On December 2, 2006, Plaintiff was lawfully attending a high school basketball game at Waukegan High School in the City of Waukegan, County of Lake and State of Illinois.

   ANSWER:

   Defendants admit that the Plaintiff was attending a Waukegan High School basketball game in the City of Waukegan, County of Lake and State of Illinois, but deny that Plaintiff was acting lawfully while in attendance.

3. At said time, Plaintiff was seated in the bleachers in Waukegan High School's gymnasium.

   ANSWER:

   Defendants admit that Plaintiff was in the bleachers in Waukegan High School's gymnasium but deny she was seated.

4. Defendant, Mark Sturtevant, was at all times relevant herein, duly appointed, qualified and acting as a police officer employed by Defendant, City of Waukegan, a municipal corporation. Said Defendant is herein sued in his individual and official capacities.

   ANSWER:

   Defendants admit that Defendant, Mark Sturtevant, at all relevant times, was duly appointed, qualified and acting as a police officer employed by Defendant, City of Waukegan, a municipal corporation. Defendants further admit that Plaintiff's Complaint purports to sue Defendant, Mark Sturtevant, in both his individual and official capacities.

5. At all times material herein, Defendant, Mark Sturtevant, acting in his capacity as a duly appointed, qualified police officer for the Defendant, City of Waukegan, was in attendance at the Waukegan High School basketball game.

8

ANSWER:

Defendants admit all the allegations contained in paragraph 5 of Count III of Plaintiff's Complaint.

6.  Defendant, Mark Sturtevant, engaged in the conduct complained of under color and pretense of the statutes, ordinances, regulation, customs and usages of the Defendant, City of Waukegan, in his capacity as a City of Waukegan police officer.

ANSWER:

Defendants admit that the Defendant, Mark Sturtevant, was acting under color of law and in his capacity as a Waukegan Police Officer but deny any wrongful acts or misconduct.

7.  At said time, Defendant had no reasonable reason to believe Plaintiff was engaging in any criminal activity.

ANSWER:

Defendants deny all the allegations contained in paragraph 7 of Count III of Plaintiff's Complaint.

8.  At said time, Defendant had no reason to believe Plaintiff posed any threat of imminent harm to another individual.

ANSWER:

Defendants deny all the allegations contained in paragraph 8 of Count III of Plaintiff's Complaint.

9.  At said time, Defendant was not justified in using the level of force imposed upon Plaintiff.

ANSWER:

Defendants deny all the allegations contained in paragraph 9 of Count III of Plaintiff's Complaint.

10. On said date, while the Plaintiff was situated as above-described, Defendant, Mark Sturtevant, maliciously and unlawfully used undue and excessive force on the Plaintiff; to wit, Defendant, Mark Sturtevant, forcibly and maliciously battered Plaintiff with his body. Specifically, Defendant, Mark Sturtevant jumped from a higher-level bleacher onto the same level bleacher on which Plaintiff was standing. In doing so, Defendant, Mark Sturtevant, landed his entire person upon Plaintiff's person, causing Plaintiff to land on her back, with Defendant, Mark Sturtevant, positioned horizontally on top of Plaintiff's body, thereby placing Plaintiff in fear for her immediate safety, all without provocation, necessity or cause.

ANSWER:

The Defendants admit that Plaintiff and Defendant, Mark Sturtevant, were in the bleachers, but deny all the remaining allegations contained in paragraph 10 of Count III of Plaintiff's Complaint.

11. Defendant, Mark Sturtevant, intentionally committed the above-described acts and, in doing so, Plaintiff suffered harmful and offensive contact and Defendant, Mark Sturtevant, thereby inflicted a battery upon Plaintiff.

ANSWER:

Defendants admit that there was contact between Plaintiff and Defendant, Mark Sturtevant, but Defendants deny all of the remaining allegations contained in paragraph 11 of Count III of Plaintiff's Complaint.

10

12. As a direct and proximate result of the foregoing wrongful acts, Plaintiff was then and there injured. Plaintiff suffered injuries.

ANSWER:

Defendants are without knowledge or information sufficient to form a belief as to whether the Plaintiff was injured and therefore, deny same. Defendants deny that Plaintiff was injured and sustained damage as a direct and proximate result of any wrongful act of Defendants. Defendants deny any wrongful actions or misconduct.

13. As a direct and proximate result of the foregoing wrongful acts, Plaintiff was then and there injured. Plaintiff suffered injuries.

ANSWER:

Defendants are without knowledge or information sufficient to form a belief as to whether the Plaintiff was injured and therefore, deny same. Defendants deny that Plaintiff was injured and sustained damage as a direct and proximate result of any wrongful act of Defendants. Defendants deny any wrongful actions or misconduct.

14. As a direct and proximate result of the foregoing wrongful acts, Plaintiff suffered physical and mental pain and suffering.

ANSWER:

Defendants are without knowledge or information sufficient to form a belief as to whether the Plaintiff suffered physical and mental pain and suffering and therefore, deny same. Defendants deny that Plaintiff physical and mental pain and suffering as a direct and proximate result of any wrongful act of Defendants. Defendants deny any wrongful actions or misconduct.

15. As a direct and proximate result of the foregoing wrongful acts, Plaintiff became and will further become liable for sums of money for medical, hospital care and treatment.

    ANSWER:

    Defendants are without knowledge or information sufficient to form a belief as to whether the Plaintiff became or will further become liable for summons of money for medical, hospital care and treatment, and therefore, deny same. Defendants deny that Plaintiff became and will further become liable for sums of money for medical, hospital care and treatment as a direct and proximate result of any wrongful act of Defendants. Defendants deny any wrongful actions or misconduct.

16. Plaintiff has and will continue to incur substantial attorney fees and costs in pursing this cause.

    ANSWER:

    Defendants deny all of the allegations contained in paragraph 16 of Count III of Plaintiff's Complaint.

17. As a direct and proximate result of the foregoing wrongful acts, Plaintiff is in need of corrective surgery to repair her ACL.

    ANSWER:

    Defendants are without knowledge or information sufficient to form a belief as to whether the Plaintiff is in need of corrective surgery to repair her ACL and therefore, deny same. Defendants deny that Plaintiff is in need of corrective surgery to repair her ACL as a direct and proximate result of any wrongful acts of Defendants. Defendants deny any wrongful actions or misconduct.

## COUNT IV-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY DEFENDANT, MARK STURTEVANT.

1. Plaintiff, Ayashia Bevly, was at all times relevant herein, a citizen of the United States and of the State of Illinois and was a resident of the County of Lake and the city of Zion.

   ANSWER:

   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Count IV of Plaintiff's Complaint, and therefore, deny same.

2. On December 2, 2006, Plaintiff was lawfully attending a high school basketball game at Waukegan high school in the City of Waukegan, County of Lake and State of Illinois.

   ANSWER:

   Defendants admit that the Plaintiff was attending a Waukegan High School basketball game in the City of Waukegan, County of Lake and State of Illinois, but deny that Plaintiff was acting lawfully while in attendance.

3. At said time, Plaintiff was seated in the bleachers in Waukegan High School's gymnasium.

   ANSWER:

   Defendants admit that Plaintiff was in the bleachers in Waukegan High School's gymnasium but deny she was seated.

5. Defendant, Mark Sturtevant, was at all times relevant herein, duly appointed, qualified and acting as a police officer employed by Defendant, City of Waukegan, a municipal corporation.  Said Defendant is herein sued in his individual and official capacities.

13

ANSWER:

Defendants admit that Defendant, Mark Sturtevant, was duly appointed, qualified and acting as a police officer employed by Defendant, City of Waukegan, a municipal corporation and that the Complaint purports to name him in both his individual and official capacities.

6. At all times material herein, Defendant, Mark Sturtevant, acting in his capacity as a duly appointed, qualified police officer for the Defendant, City of Waukegan, was in attendance at the Waukegan High School basketball game.

ANSWER:

Defendants admit the allegations contained in paragraph 6 of Count IV of Plaintiff's Complaint.

7. Defendant, Mark Sturtevant, engaged in the conduct complained of under color and pretense of the statutes, ordinances, regulations, customs and usages of the Defendant, City of Waukegan, in his capacity as a City of Waukegan police officer.

ANSWER:

Defendants admit that the Defendant, Mark Sturtevant, was acting under color of law and in his capacity as a Waukegan Police Officer but deny any wrongful acts or misconduct.

8. At said time of offense, Defendant had no reasonable reason to believe Plaintiff was engaging in any criminal activity.

ANSWER:

Defendants deny all of the allegations contained in paragraph 8 of Count IV of Plaintiff's Complaint.

9. At said time of offense, Defendant had no reason to believe Plaintiff posed any threat of

14

imminent harm to another individual.

ANSWER:

Defendants deny all of the allegations contained in paragraph 9 of Count IV of Plaintiff's Complaint.

10. At said time of offense, Defendant was not justified in using the level of force imposed upon Plaintiff.

ANSWER:

Defendants deny all of the allegations contained in paragraph 10 of Count IV of Plaintiff's Complaint.

11. On said date, while the Plaintiff was situated as above-described, Defendant, Mark Sturtevant, maliciously and unlawfully used undue and excessive force on the Plaintiff; to wit, Defendant, Mark Sturtevant, forcibly and maliciously battered Plaintiff with his body. Specifically, Defendant, Mark Sturtevant jumped from a higher-level bleacher onto the same level bleacher on which Plaintiff was standing. In doing so, Defendant, Mark Sturtevant, landed his entire person upon Plaintiff's person, causing Plaintiff to land on her back, with Defendant, Mark Sturtevant, positioned horizontally on top of Plaintiff's body, thereby placing Plaintiff in fear for her immediate safety, all without provocation, necessity or cause.

ANSWER:

The Defendants admit that Plaintiff and Defendant, Mark Sturtevant, were in the bleachers, but deny all the remaining allegations of paragraph 11 of Count IV of Plaintiff's Complaint.

12. Defendant's actions were outrageous in that they were excessive given the situation.

ANSWER:

Defendants deny all the allegations contained in paragraph 12 of Count IV of Plaintiff's Complaint.

12. Defendant's actions were outrageous in that Defendant disregarded the safety of Plaintiff.

ANSWER:

Defendants deny all the allegations contained in paragraph 12 of Count IV of Plaintiff's Complaint.

13. Defendant's actions were outrageous in that Plaintiff was not resisting arrest at said time such force was used.

ANSWER:

Defendants deny all the allegations contained in paragraph 13 of Count IV of Plaintiff's Complaint.

14. Defendant knew or reasonably should have known Defendant, Mark Sturtevant's, actions of jumping onto Plaintiff's person would cause severe emotional distress.

ANSWER:

Defendants deny all the allegations contained in paragraph 15 of Count IV of Plaintiff's Complaint.

15. As a direct and proximate result of the foregoing wrongful acts, the Plaintiff suffered severe emotional distress.

ANSWER:

Defendants deny that Plaintiff suffered severe emotional distress and further deny any misconduct or wrongful acts by Defendant Officer Mark Sturtevant.

16

16. Plaintiff has and will continue to incur substantial attorney fees and costs in pursuing this cause.

ANSWER:

Defendants all the allegations contained in paragraph 16 of Count IV of Plaintiff's Complaint.

## COUNT V-NEGLIGENCE BY DEFENDANT, MARK STURTEVANT

1. Plaintiff, Ayashia Bevly, was at all times relevant herein, a citizen of the United States and of the State of Illinois and was a resident of the County of Lake and the city of Zion.

ANSWER:

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of Count V of Plaintiff's Complaint, and therefore, deny same.

2. Defendant, Mark Sturtevant, was at all times relevant herein, duly appointed, qualified and acting as a police officer employed by Defendant, City of Waukegan, a municipal corporation. Said Defendant is herein sued in his individual and official capacities.

ANSWER:

Defendants admit that the Defendant, Mark Sturtevant, was a duly appointed, qualified and acting as a police officer of City of Waukegan, at all relevant times to the Complaint and that the Complaint purports to name Defendant Mark Sturtevant in his individual and official capacity.

17

3. At all times material herein, Defendant, Mark Sturtevant, acting in his capacity as a duly appointed, qualified police officer for the Defendant, City of Waukegan, was in attendance at the Waukegan High School basketball game.

ANSWER:

Defendants admit the allegations contained in paragraph 3 of Count V of Plaintiff's Compliant.

4. On December 2, 2006, Plaintiff was lawfully attending a high school basketball game at Waukegan high school in the City of Waukegan, County of Lake and State of Illinois.

ANSWER:

Defendants admit that the Plaintiff was attending a Waukegan High School basketball game in the City of Waukegan, County of Lake and State of Illinois, but deny that Plaintiff was acting lawfully while in attendance.

5. At said time, Plaintiff was seated in the bleachers in Waukegan High School's gymnasium.

ANSWER:

Defendants admit that Plaintiff was in the bleachers in Waukegan High School's gymnasium but deny she was seated.

6. On said date, while the Plaintiff was situated as above-described, Defendant, Mark Sturtevant, maliciously and unlawfully used undue and excessive force on the Plaintiff; to wit, Defendant, Mark Sturtevant, forcibly and maliciously battered Plaintiff with his body. Specifically, Defendant, Mark Sturtevant jumped from a higher-level bleacher onto the same level bleacher on which Plaintiff was standing. In doing so, Defendant, Mark Sturtevant, landed his entire person upon Plaintiff's person, causing Plaintiff to

18

land on her back, with Defendant, Mark Sturtevant, positioned horizontally on top of Plaintiff's body, thereby placing Plaintiff in fear for her immediate safety, all without provocation, necessity or cause.

ANSWER:

The Defendants admit that Plaintiff and Defendant, Mark Sturtevant, were in the bleachers but deny all the remaining allegations of paragraph 6 of Count V of Plaintiff's Complaint.

7. At said time of offense, Defendant had no reasonable reason to believe Plaintiff was engaging in any criminal activity.

ANSWER:

Defendants deny all the allegations contained in paragraph 7 of Count V of Plaintiff's Complaint.

8. At said time of offense, Defendant had no reasonable reason to believe Plaintiff was engaging in any criminal activity.

ANSWER:

Defendants deny all the allegations contained in paragraph 8 of Count V of Plaintiff's Complaint.

9. At said time of offense, Defendant had no reason to believe Plaintiff posed any threat of imminent harm to another individual.

ANSWER:

Defendants deny all the allegations contained in paragraph 9 of Count V of Plaintiff's Complaint.

10. Defendant, Mark Sturtevant, breached his duty and was then and there guilty of one or
more of the foregoing negligent acts or omissions;

    a.  Carelessly and negligently used excessive force without due regard for the safety
of Plaintiff.

    b.  Carelessly and negligently failed to use reasonable force in the light of the
circumstances then and there present.

    c.  Was otherwise negligent and careless in the extent of force used.

    d.  Was otherwise negligent and careless in discharging their duties as police officer.

ANSWER:

Defendants deny all the allegations contained in paragraph 10 of Count V of Plaintiff's
Complaint, including all of its subparagraphs.

11. As a direct and proximate result of the foregoing negligent acts, Plaintiff was then and
there injured.  Plaintiff suffered injuries.

ANSWER:

Defendants are without knowledge or information sufficient to form a belief as to
whether Plaintiff was injured and therefore, deny same.  Defendants deny that Plaintiff
was injured and sustained damage as a direct and proximate result of any wrongful act of
Defendants.  Defendants deny any wrongful actions or misconduct.

12. As a direct and proximate result of the foregoing negligent acts, Plaintiff sustained
damage to her anterior cruciate ligament (hereinafter referred to as "ACL").

ANSWER:

Defendants are without knowledge or information sufficient to form a belief as to
whether Plaintiff sustained damage to her ACL and therefore, deny same.  Defendants

deny that Plaintiff sustained damage to her ACL as a direct and proximate result of any
wrongful act of Defendants. Defendants deny any wrongful actions or misconduct.

13. As a direct and proximate result of the foregoing negligent acts, Plaintiff suffered
physical and mental pain and suffering.

ANSWER:

Defendants are without knowledge or information sufficient to form a belief as to
whether Plaintiff suffered physical and mental pain and suffering and therefore, deny
same. Defendants deny that Plaintiff suffered physical or mental pain as a direct and
proximate result of any wrongful acts of Defendants. Defendants deny any wrongful
actions or misconduct.

14. As a direct and proximate result of the foregoing negligent acts, Plaintiff became and will
further become liable for sums of money for medical, hospital care and treatment.

ANSWER:

Defendants are without knowledge or information sufficient to form a belief as to
whether Plaintiff became or will further become liable for sums of money for medical,
hospital care and treatment and therefore, deny same. Defendants deny that Plaintiff
became and will further become liable for sums of money for medical, hospital care and
treatment as a direct and proximate result of any wrongful act of Defendants. Defendants
deny any wrongful actions or misconduct.

15. As a direct and proximate result of the foregoing negligent acts, the Plaintiff is in need of
corrective surgery to repair her ACL.

ANSWER:

Defendants are without knowledge or information sufficient to form a belief as to whether Plaintiff is in need of corrective surgery to repair her ACL and therefore, deny same. Defendants deny that Plaintiff is in need of corrective surgery to repair her ACL as a direct and proximate result of any wrongful acts of Defendants. Defendants deny any wrongful actions or misconduct.

WHEREFORE, THE WAUKEGAN POLICE DEPARTMENT AND WAUKEGAN POLICE OFFICER MARK STURTEVANT, deny that Plaintiff is entitled to any judgment against them whatsoever and prays that this Court enter judgment in their favor and against the Plaintiff with costs of suit.

## DEMAND FOR JURY TRIAL

DEFENDANTS demand trial by jury of all issues properly triable by jury herein.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE - QUALIFIED IMMUNITY

As to Counts I and II of Plaintiff's Complaint, Defendants state that they are entitled to qualified immunity from suit as they did not violate any clearly established constitutional rights of the Plaintiff of which an objectively reasonable officer would have been aware at the time alleged in Plaintiffs' Complaint.

22

## SECOND AFFIRMATIVE DEFENSE – TORT IMMUNITY

As to Counts III, IV & V of Plaintiff's Complaint, a public employee is not liable for his act or omission in the execution or enforcement of any law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202.

## THIRD AFFIRMATIVE DEFENSE –TORT IMMUNITY

As to Counts III, IV & V of Plaintiff's Complaint, except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

## FOURTH AFFIRMATIVE DEFENSE – ATTORNEYS' FEES

As to Counts III, IV & V of Plaintiff's Complaint, there is no obligation under Illinois law to pay costs or attorneys' fees.

## FIFTH AFFIRMATIVE DEFENSE – TORT IMMUNITY

As to all counts of Plaintiffs Complaint, the City of Waukegan is not liable for an injury resulting from an act or omission of its employee, where the employee is not liable pursuant to 745 ILCS 10/2-109.

## SIXTH AFFIRMATIVE DEFENSE

As to Counts III, IV and V, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his

act or omission in determining policy when acting in the exercise of such discretion even though
abused pursuant to 745 ILCS 10/2-201.

## SEVENTH AFFIRMATIVE DEFENSE

As to Counts III, IV and V, a public employee is not liable for injury caused by his
instituting or prosecuting any judicial or administrative proceeding within the scope of his
employment, unless he acts maliciously and without probable cause pursuant to 745 ILCS 10/2-
208.

## EIGHTH AFFIRMATIVE DEFENSE

As to Counts III, IV, and V, neither a local public entity nor a public employee is liable
for failure to establish a police department or otherwise provide police protection service or, if
police protection service is provided, for failure to provide adequate police protection or service,
failure to prevent the commission of crimes, failure to detect or solve crimes, and failure to
identify or apprehend criminals pursuant to 745 ILCS 10/2-102.

## NINTH AFFIRMATIVE DEFENSE- CONTRIBUTORY NEGLIGENCE

As to Counts III, IV & V of Plaintiff's Complaint, 735 ILCS 5/2-116 provides that if a
Plaintiff's contributory fault is 50% or more, the claim is barred. Plaintiff's injuries were a result
of her fighting with an unnamed third party. Plaintiff's claim is barred for the reason that
Plaintiff's contributory conduct amounted to or exceeded 50% of the total fault causing her
alleged injury. In the event the trier of fact determines the Plaintiff's contributory fault is less
than 50%, the Defendants request apportionment of damages as provided by 735 ILCS 5/2-116.

24

## TENTH AFFIRMATIVE DEFENSE

As to Counts III, IV and V of Plaintiff's Complaint, Defendant Mark Sturtevant had probable cause to believe that Plaintiff posed a threat of physical injury and therefore was justified in using force pursuant to 720 ILCS 5/7-1 and/or 720 ILCS 5/7-5.

## ELEVENTH AFFIRMATIVE DEFENSE

As to all counts, Defendant, City of Waukegan, as a municipal body cannot be obligated to pay punitive or exemplary damages. Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981); 745 ILCS 10/2-102.

WAUKEGAN POLICE DEPARTMENT
And WAUKEGAN POLICE OFFICER
MARK STURTEVANT, By their attorneys
DIVER, GRACH, QUADE & MASINI, LLP

By:   /s/   Gretchen A. Neddenriep

Gretchen A. Neddenriep
DIVER, GRACH, QUADE & MASINI, LLP
Attorney for Defendants
Attorney No. 6270338
111 N. County Street
Waukegan, IL 60031
(847) 662-8611
(847) 662-2960 (fax)