Attorney No. 6270338

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AYASHIA BEVLY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WAUKEGAN POLICE DEPARTMENT )<br>and MARK STURTEVANT. )<br>)<br>Defendants. ) | No. 07 C 6761<br>Judge Lefkow<br>Magistrate Judge Ashman<br>Jury Demanded |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, CITY OF WAUKEGAN'S, MOTION TO DISMISS COUNT II

NOW COMES Defendant, CITY OF WAUKEGAN, a municipal corporation, by and through one of its attorneys, GRETCHEN A. NEDDENRIEP, of DIVER, GRACH, QUADE & MASINI, LLP, and submits this memorandum of law in support of the Defendant, CITY OF WAUKEGAN'S Motion to Dismiss Count II.

The Defendant, City of Waukegan, moves this Honorable Court to dismiss Count II of the Complaint pursuant to FRCP 12(b)(6) because Plaintiff, Ayashia Bevly, has failed to state a claim upon which relief can be granted.

### STATEMENT OF THE CASE

The facts contained in the City of Waukegan's Memorandum of Law in Support of Defendant, City of Waukegan's Motion to Dismiss Count II are based solely on the allegations contained in the Complaint and therefore, should be considered true only for purposes of the instant motion to dismiss. The facts alleged in Plaintiff's Complaint are as follows:

On December 2, 2006, the Plaintiff was attending a basketball game in the gymanasium of the Waukegan High School. Comp., ¶. 8 of Count II. The Plaintiff was injured when Defendant,

Mark Sturtevant allegedly "jumped from a higher-level bleacher onto the same level bleacher on which Plaintiff was standing causing Plaintiff to land on her back with Officer Sturtevant on top of her." Comp. ¶ 13 of Count II. On November 30, 2007, Plaintiff filed a five-count complaint against the City of Waukegan and Officer Mark Sturtevant, in his official and individual capacities. Count II of Plaintiff's Complaint is brought against the City of Waukegan pursuant to §1983 and alleges that the City of Waukegan's actions constituted excessive force in violation of the United States Constitution. Comp., ¶ 1 of Count II. In Count II of her Complaint, Plaintiff attempts to create direct liability on behalf of the City of Waukegan by stating the following:

10. At said time of offense, Defendant, City of Waukegan, had no reasonable reason to believe Plaintiff was engaging in any criminal activity. Comp., ¶ 10 of Count II.
11. At said time of offense, Defendant, City of Waukegan, had no reason to believe Plaintiff posed any threat of imminent harm to another individual. Comp., ¶ 11 of Count II.
12. At said time, Defendant, City of Waukegan, was not justified in using the level of force imposed upon Plaintiff. Comp., ¶ 12 of Count II.
13. On said date, while Plaintiff was situated as above-described, Defendant, Mark Sturtevant, maliciously and unlawfully used undue and excessive force on the Plaintiff; to wit, Defendant, Mark Sturtevant, forcibly and maliciously battered Plaintiff with his body. Specifically, Defendant, Mark Sturtevant, jumped from a higher-level bleacher onto the same level bleacher on which Plaintiff was standing. In doing so, Defendant, Mark Sturtevant, landed his entire person upon Plaintiff's person, causing Plaintiff to land on her back, with Defendant, Mark Sturtevant, positioned horizontally on top of Plaintiff's body, thereby placing Plaintiff in fear for her immediate safety, all without provocation, necessity or cause. Comp., ¶ 13 of Count II.
14. As a direct and proximate result of the foregoing wrongful acts, Plaintiff was then and there injured. Plaintiff suffered injuries. Comp., ¶ 14 of Count II.
15. As a direct and proximate result of the foregoing wrongful acts, Plaintiff sustained damage to her anterior cruciate ligament (hereinafter referred to as ("ACL"). Comp., ¶ 15 of Count II.
16. As a direct and proximate result of the foregoing wrongful acts, Plaintiff suffered physical and mental pain and suffering. Comp., ¶ 16 of Count II.
17. As a direct and proximate result of the foregoing wrongful acts, Plaintiff became and will further become liable for sums of money for medical, hospital care and treatment. Comp., ¶ 17 of Count II.

18. As a direct and proximate result of the foregoing wrongful acts, Plaintiff is in need of corrective surgery to repair her ACL. Comp., ¶ 18 of Count II.

The Plaintiff has failed to sufficiently plead wrongful conduct by the Defendant, the City of Waukegan, a municipal corporation. Specifically, Plaintiff has not alleged liability arising from illicit customs, policies, or official actions, and therefore, Count II should be dismissed with prejudice.

## ARGUMENT:

Federal Rule of Civil Procedure 12(b) provides: "Every defense, in law or fact, to a claim for relief in any pleading… shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion… (6) failure to state a claim upon which relief can be granted…" F.R.C.P. 12(b). For purposes of a motion to dismiss brought pursuant to F.R.C.P. 12(b)(6), the court must accept all well-plead allegation in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Sims v. County of Bureau, 506 F.3d 509, 512 (7th Cir. 2007).

A municipality is liable under Section 1983 when the practices of its officials amount to a custom or when the municipality adopts a specific policy, regulation or ordinance which is unconstitutional, Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In Monell, the Supreme Court set forth the circumstances under which a municipality could be held liable under Section 1983. The Supreme Court held that "*Respondeat Superior*" cannot be the basis of a Section 1983 claim against a municipality stating:

> A local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the

injury that the government as an entity is responsible under § 1983. Id at 694.

"In order to state a § 1983 claim against a municipality, the complaint must allege that an official policy or custom not only caused the constitutional violation, but was the 'moving force' behind it." Sims v. County of Bureau, 506 F. 3d 509, 514 (7th Cir. 2007). The Seventh Circuit has listed three methods of establishing municipal liability in a Section 1983 case: (1) the existence of an express policy that, when enforced, causes a constitutional deprivation; (2) the existence of a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) plaintiff's constitutional injury was caused by a person with final policymaking authority. Id. at 515.

In the Complaint filed in the case at bar, Plaintiff objectifies a legal entity, i.e. a municipal corporation, which exists solely by virtue of a statute. While agents or employees of a legal entity may be susceptible to liability based on acts similar to those alleged in Count II of Plaintiff's Complaint, the Defendant, City of Waukegan, as a municipal entity, cannot. Further, Plaintiff's Complaint fails to allege that any actions taken by Defendant Officer Mark Sturtevant were performed pursuant to an express policy or widespread practice or custom of the City of Waukegan. Accordingly, Count II of Plaintiff's Complaint should be dismissed as a matter of law.

**WHEREFORE**, the Defendant, CITY OF WAUKEGAN, prays that this Honorable Court dismiss Count II of Plaintiff's Complaint with prejudice.

Respectfully submitted,

Dated: January 28, 2008

/s/ Gretchen A. Neddenriep
Gretchen A. Neddenriep

Gretchen A. Neddenriep
Attorney Registration #6270338
DIVER, GRACH, QUADE & MASINI, LLP
Attorneys for the Defendant, City of Waukegan
111 N. County Street
Waukegan, Illinois 60085
(847) 662-8611
(847) 662-2960 (fax)